IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**PRO-LOGISTICS FORWARDING (PTY) LTD.**            **PLAINTIFF**

V.            **CIVIL ACTION NO. 2:13cv83-KS-MTP**

**ROBISON TIRE CO., INC.**            **DEFENDANT/THIRD-PARTY PLAINTIFF**

V.

**OVERLAND VENTURES, LLC and
PAUL FERRUZZA, Individually, and d/b/a
OVERLAND VENTURES, LLC**            **THIRD-PARTY DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Defendant/Third-Party Plaintiff Robison Tire Co., Inc.'s ("Robison") Motion for Summary Judgment [39]; the Third-Party Defendants Overland Ventures, LLC and Paul Ferruzza's Motion to Extend Deadlines [53]; and Robison's Motion to Strike Third-Party Defendants' First Amended Answer and Affirmative Defenses ("Motion to Strike") [57]. Having considered the submissions of the parties, the record, and the applicable law, the Court finds that:

     1)      Robison's Motion for Summary Judgment [39] should be denied;

     2)      Robison's Motion to Strike [57] should be denied; and

     3)      Overland Ventures, LLC and Paul Ferruzza's Motion to Extend Deadlines [53] should be granted.

## BACKGROUND

In or about November, 2012, Plaintiff Pro-Logistics Forwarding (Pty) Ltd. ("Pro-Logistics") entered into an agreement with Robison for the sale of twelve (12) industrial mining tires to Pro-Logistics in exchange for $987,460.00. Pro-Logistics paid Robison a

deposit in the amount of $200,000.00 on November 23, 2012, and the remaining balance of $787,460.00 on December 3, 2012, for the subject tires. Pro-Logistics contends that Robison was advised at the time of contracting that it needed the tires by January 31, 2013. Robison contends the parties never agreed on a specific delivery date. It appears that Robison has not delivered the mining tires or refunded Pro-Logistics the $987,460.00, as of the date of this opinion and order.

Also in or about November, 2012, Robison, in order to fill Pro-Logistics' tire order, entered into an agreement with Overland Ventures, LLC ("Overland") for the sale of twelve (12) mining tires to Robison in exchange for $905,800.00. Paul Ferruzza is Overland's owner. Robison contends that Ferruzza was also a party to this agreement. It is not clear if Overland and Ferruzza dispute this contention. Robison paid Overland $905,800.00 for the subject tires by December 3, 2012. It appears that Overland has not delivered the mining tires or refunded Robison the $905,800.00, as of the date of this opinion and order.

On April 25, 2013, Pro-Logistics filed suit against Robison in this Court, asserting claims of breach of contract and fraud. (*See* Compl. [1].) Subject matter jurisdiction is asserted on the basis of diversity of citizenship under Title 28 U.S.C. § 1332(a)(2). The Complaint indicates that Pro-Logistics is a citizen of South Africa and that Robison is a citizen of Mississippi for purposes of diversity jurisdiction. Pro-Logistics seeks approximately $1,140,000.00 in compensatory damages, encompassing the $987,460.00 that it paid Robison for the mining tires and $152,540.00 in profit that Pro-Logistics purportedly would have made by selling the mining tires to a customer had Robison timely delivered the tires. Pro-Logistics also seeks punitive damages, interest,

costs, and attorney's fees.  Pro-Logistics subsequently filed an amended complaint adding the following claims:  (a) money had and received; (b) negligent training or supervision; (c) negligent misrepresentation; and (d) conversion.  (*See* 1st Am. Compl. [13].)

On May 23, 2013, Robison filed its Answer and Affirmative Defenses [4], denying that Pro-Logistics is entitled to any damages and asserting "that the tires have not yet been shipped to Plaintiff, due solely to the acts and omissions of Ferruzza."  (Answer [4] at ¶ 13.)  On June 5, 2013, Robison filed its Third-Party Complaint [10] against Overland and Ferruzza (individually and d/b/a Overland), alleging that Ferruzza and Overland are "responsible for any claim that Pro-Logistics may have against Robison." (Third-Party Compl. [10] at ¶ 40.)  The Third-Party Complaint is also founded on diversity of citizenship jurisdiction.  It appears that both Overland and Ferruzza are citizens of Colorado.  Robison asserts two counts for relief:  (1) breach of contract; and (2) fraud and fraud in the inducement.  Robison seeks approximately $992,557.48 in compensatory damages (encompassing the amount that it paid Overland for the mining tires and the profit that Robison purportedly would have made by selling the tires to Pro-Logistics), as well as punitive damages, interest, costs, and attorney's fees.

On September 26, 2013, Robison filed its Motion for Summary Judgment [39], requesting that the Court render judgment in its favor on its Third-Party Complaint [10] against Ferruzza and Overland.  On October 18, 2013, Overland and Ferruzza filed their Motion to Extend Deadlines [53].  Ferruzza and Overland seek a thirty (30) day extension of the deadline for joinder of parties and amendment of the pleadings.  On November 4, 2013, Robison filed its Motion to Strike [57] Overland and Ferruzza's

Answer and Affirmative Defenses [48].  The Court has fully considered these pending motions and is ready to rule.

I.	Robison's Motion for Summary Judgment [39]

   A.	Standard of Review

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Where the burden of production at trial ultimately rests on the nonmovant, 'the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case.'"  *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (quoting *Shields v. Twiss*, 389 F.3d 142, 149 (5th Cir. 2004)).  However, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  If the movant meets his burden, the nonmovant must go beyond the pleadings and point out specific facts showing the existence of a genuine issue for trial.  *Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012) (citation omitted).  "'An issue is material if its resolution could affect the outcome of the action.'"  *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)).  "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party."  *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citing *Sec. & Exch. Comm'n v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

### B.  Analysis

Robison seeks summary judgment on two grounds. First, Robison argues that Ferruzza and Overland breached a valid contract to supply it with twelve (12) mining tires in exchange for $905,800.00. Second, Robison contends that Ferruzza and Overland admitted the averments in the Third-Party Complaint [10] and waived any defenses due to their effective failure to answer this pleading. Each ground will be addressed in turn.

#### 1.  Breach of Contract

Because this dispute centers on the sale of goods, mining tires, various sections of Chapter Two of the Mississippi Uniform Commercial Code ("UCC"), Miss. Code Ann. §§ 75-2-101 to -725, will be considered in the Court's analysis. *See Ross Cattle Co. v.*

*Lewis*, 415 So. 2d 1029, 1033 (Miss. 1982).[1] The following portion of Judge Wingate's opinion in *Yazoo Manufacturing Co. v. Lowe's Companies, Inc.*, 976 F. Supp. 430 (S.D. Miss. 1997), addresses several statutory provisions relevant to the determination of the existence of a valid contract under the UCC:

> In general, a contract for the sale of goods may be formed in any manner sufficient to show the existence of an agreement between the parties. *See* Miss.Code Ann. § 75–2–204(1). This would include conduct by both parties which recognizes the existence of such a contract. *Id.* Additionally, the vitality of the contract for sale of goods is in no way diminished if one or more of the terms of said contract are left open as long as "the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy." *See* Miss.Code Ann. § 75–2–204(3). However, if the contract for the sale of goods is for a price of five hundred dollars ($500.00) or more, there must [be] a writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party or his authorized agent or broker against whom enforcement is sought. *See* Miss.Code Ann. § 75–2–201(1). If the contract for the sale of goods is between merchants, there is no requirement of a writing if "within a reasonable time a writing in confirmation of the contract and sufficient against the sender is received and the party receiving it has reason to know its contents." *See* Miss.Code Ann. § 75–2–201(2). The UCC defines "merchant" as "a person which deals in goods of the kind or otherwise by his occupation holds himself out as having knowledge or skill peculiar to the practices or goods involved in the transaction or to whom such knowledge or skill may be attributed by his employment of an agent or broker or other intermediary who by his occupation holds himself out as having such knowledge or skill." Miss.Code Ann. § 75–2–104. In any event, where a contract for the sale of goods has occurred, the seller is under an obligation to transfer and deliver and the buyer is under an obligation to accept and pay in accordance with the terms of the contract. *See* Miss.Code Ann. § 75–2–301.

976 F. Supp. 2d at 434.

Robison contends that Invoice No. IN10808 (the "Invoice") [40-1] evidences

---

[1] The Court applies the substantive law of Mississippi since federal jurisdiction is founded on diversity of citizenship and no party argues for the application of any other state's law. *See Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238, 241 (5th Cir. 1990).

Overland and Ferruzza's agreement to sell and deliver the subject tires in exchange for $905,800.00. The Invoice [40-1] is printed or typed, as opposed to handwritten; lists "OVERLAND VENTURES, LCC" with a Colorado address in the top left corner; is dated "11/22/2012"; appears to indicate the sale of the subject tires to Robison with shipping from the port of Houston to the port of Seattle for $905,800.00; and includes payment terms of $181,160.00 due by "11/23/12", with the remaining balance of $724,640.00 due by "12/3/12". Robison further asserts that it paid Ferruzza and Overland $905,800.00 via wire transfers by December 3, 2012. Overland and Ferruzza concede that "[t]he parties herein entered into a valid contract" for the sale of the mining tires. (Third-Party Defs.' Mem. of Law in Resp. to Mot. for SJ [56] at p. 4.) Furthermore, Overland and Ferruzza fail to dispute Robison's assertions that the Invoice [40-1] verifies the parties' agreement and that Robison paid $905,800.00 for the sale and delivery of the tires. In light of Overland and Ferruzza's acquiescence to Robison's preceding positions, the Court finds that a valid contract existed for Overland's[2] sale and delivery of the subject tires to Robison in exchange for $905,800.00. *See* Miss. Code Ann. § 75-2-201(3)(b) (providing that the absence of a written agreement will not preclude the enforcement of a contract "if the party against whom enforcement is sought admits in his pleading, testimony or otherwise in court that a contract for sale was made"), -201(3)(c) (same

---

[2] It is not clear if Overland and Ferruzza concede that Ferruzza was a party to this agreement. Furthermore, Ferruzza's name does not appear on the Invoice [40-1]. The Court, however, need not resolve the issue of Ferruzza's potential individual liability under the agreement in order to rule on the subject motions.

result where payment for goods "has been made and accepted").[3]

Overland and Ferruzza defend against Robison's breach of contract allegation by arguing that circumstances beyond their control have delayed the delivery of the tires and that no set time for delivery was established by the parties' agreement. No affidavits, declarations, deposition testimony or other discovery materials are cited in support of this argument. In the usual case, the mere denial of material facts and arguments of counsel fail to establish genuine issues for trial. *See, e.g.*, *Nettles v. Travelers Prop. Cas. Ins. Co.*, 375 F. Supp. 2d 489, 492 (S.D. Miss. 2005); *Roberts v. Walthall County Gen. Hosp.*, 96 F. Supp. 2d 559, 561 (S.D. Miss. 2000), *aff'd*, 240 F.3d 1075 (5th Cir. 2000). Here, however, Robison bears the burden of proof on its breach of contract claim and must establish all of the elements of the claim in order for the Court to hold that it is due judgment as a matter of law. *See Fontenot*, 780 F.2d at 1194.

The allegation that circumstances beyond Overland and Ferruzza's control have delayed the delivery of the tires constitutes an affirmative defense and falls under the scope of Miss. Code Ann. § 75-2-617,[4] Mississippi's force majeure statute. *See Day v.*

---

[3] No judgment is rendered as to whether the Invoice [40-1] satisfies the writing requirement of section 75-2-201(1), or whether Overland and Robison are "merchants" within the contemplation of section 75-2-201(2).

[4] "Deliveries may be suspended by either party in case of Act of God, war, riots, fire, explosion, flood, strike, lockout, injunction, inability to obtain fuel, power, raw materials, labor, containers, or transportation facilities, accident, breakage of machinery or apparatus, national defense requirements, *or any cause beyond the control of such party*, preventing the manufacture, shipment, acceptance, or consumption of a shipment of the goods or of a material upon which the manufacture of the goods is dependent." Miss. Code Ann. § 75-2-617 (emphasis added).

*Tenneco, Inc.*, 696 F. Supp. 233, 235 (S.D. Miss. 1988).  Overland and Ferruzza would bear the burden of proof on this defense at trial.  Thus, their failure to adduce any evidence in support of the defense hardly precludes a grant of Robison's summary judgment motion.  On the other hand, Overland and Ferruzza's contention that the parties' contract does not specify a set time for delivery implicates Robison's affirmative duty to prove a breach of contract.  A seller of goods cannot be said to have breached a sales agreement prior to the time the seller is required to perform under the agreement.  Therefore, further inquiry must be made as to the time for delivery under the subject agreement.

The Invoice [40-1], the document reflecting the parties' agreement,[5] contains no provision establishing a delivery date for the subject tires.  However, the absence of such a provision does not negate the existence of a valid contract under the UCC.  "Even though one or more terms are left open a contract for sale does not fail for indefiniteness if the parties have intended to make a contract and there is a reasonably certain basis for giving an appropriate remedy."  Miss. Code Ann. § 75-2-204(3).  Furthermore, the time for shipment or delivery of goods "shall be a reasonable time" if an agreement is silent on the issue.  Miss. Code Ann. § 75-2-309(1).  What constitutes a reasonable period of time "depends on the nature, purpose, and circumstances of the action."  Miss. Code Ann. § 75-1-205(a).  Given the fact-intensive nature of this inquiry, several courts have found the question of what constitutes a reasonable period of time for performance under a UCC contract to be best answered by a jury.  *See, e.g.*,

---

[5] (*See* Robison's Itemization of Facts [39-1] at ¶ 2.)

-9-

*Weathersby v. Gore*, 556 F.2d 1247, 1255-57 (5th Cir. 1977) (applying Miss. Code Ann. § 75-2-309); *Blesi-Evans Co. v. W. Mech. Serv., Inc.*, No. CIV. 07-5061, 2010 WL 1492844, at *8 (D.S.D. Apr. 13, 2010); *Walter Toebe Constr. Co. v. Kard Welding, Inc.*, No. 05-73605, 2007 WL 4218961, at *7 (E.D. Mich. Nov. 29, 2007); *Int'l Contract Furnishings, Inc. v. Kalikow*, 169 A.D.2d 489, 490, 564 N.Y.S.2d 167 (N.Y. App. Div. 1991).[6]

The record evidence before the Court is not so clear as to establish as a matter of law the reasonable period of time for the delivery of the mining tires. Robison argues that "Ferruzza is acutely aware that Robison required proof that he had the tires ready to ship at the inception of the contract." (Robison's Reply [59] at p. 5.) Robison cites to the following documentation in support of this contention: (1) various e-mails between a Robison employee and Ferruzza from November and December of 2012;[7] (2) an Inland Delivery Order [59-3] that purportedly has "proven to be a fake"; and (3) photographs of certain tires[8] that Ferruzza purportedly "said were available and ready to load . . . ." (Robison's Reply [59] at p. 5.) The Court is not strictly prohibited from examining extrinsic evidence under the UCC's version of the parole evidence rule, Miss. Code Ann. § 75-2-202. *See J.O. Hooker & Sons, Inc. v. Roberts Cabinet Co.*, 683 So. 2d

---

[6] The state UCC provisions at issue in *Blesi-Evans Co.* (S.D. Codified Laws § 57A-2-309), *Walter Toebe Constr. Co.* (Ohio Rev. Code Ann. § 13022.22), and *Kalikow* (U.C.C. § 2-309) are substantially identical to Miss. Code Ann. § 75-2-309. Also, the Mississippi Supreme Court is not averse to looking out-of-state for insight on UCC matters. *See, e.g.*, *Martin v. Winfield*, 455 So. 2d 762, 764 (Miss. 1984); *Vince v. Broome*, 443 So. 2d 23, 26-27 (Miss. 1983).

[7] (*See* Doc. No. [59-2].)

[8] (*See* Doc. No. [59-4].)

396, 400 (Miss. 1996). However, the Court must construe Robison's documentation in favor of Ferruzza and Overland on the subject motion for summary judgment. *See Sierra Club, Inc.*, 627 F.3d at 138.

      A picture may be worth a thousand words, but the photographs of mining tires referenced by Robison say nothing about the time for delivery. (*See* Doc. No. [59-4].) Ferruzza's alleged creation of a fake Inland Delivery Order [59-3] is an issue best left to members of the jury, who have the ability to listen to live testimony, weigh evidence, and make credibility determinations. *See EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 612 n.3 (5th Cir.2009) ("a district court cannot make credibility determinations or weigh the evidence when deciding a summary judgment motion") (citation omitted). Several of the aforementioned e-mails do appear to discuss the availability of the subject tires. Further, a December 6, 2012 e-mail from Ferruzza to Robison seems to indicate that the tires were close to being ready to ship. Yet, resolving all reasonable inferences in favor of Ferruzza and Overland, none of the e-mails authorizes a definitive summary judgment ruling as to the reasonable time for delivery based "'on such factors as the nature of goods to be delivered, the purpose for which they are to be used, the extent of seller's knowledge of buyer's intentions, transportation conditions, the nature of the market, and so on.'" *Walter Toebe Constr. Co.*, 2007 WL 4218961, at *7 (quoting James J. White & Robert S. Summers, *Uniform Commercial Code* § 3-5 (5th ed. 2000)).

      Obviously, one can question the reasonableness of Overland's failure to deliver the subject tires between November, 2012 and the date of this ruling. However, it is not clear if this entire time period is relevant to the "reasonable time" for delivery determination under section 75-2-309(1). Robison asserts that on February 4, 2013, it

notified Ferruzza "that it wished to cancel the contract due to Ferruzza and Overland's failure to deliver the tires, and . . . demanded a refund of $905,800." (Robison's Mem. in Supp. of Mot. for SJ [40] at p. 4.) If this notification had the effect of cancelling the subject agreement, then Overland's failure or refusal to deliver the tires subsequent to February, 2013 would seem to be irrelevant. The effective cancellation of the contract would also require Overland to return Robison's $905,800.00. Yet, a party's right of "cancellation" under the UCC, as opposed to "termination", is dependent upon a breach of contract by the other party. Miss. Code Ann. § 75-2-106(3)-(4). The Court is unable to declare as a matter of law that Overland breached the subject agreement and that Robison's cancellation was effective since it is for the jury to make the predicate determination of the reasonable period of time for delivery of the tires under the parties' agreement.

In short, Robison's first basis for summary judgment fails due to the existence of jury issues central to its breach of contract claim.

### 2. Default Due to Failure to Answer

This ground for summary judgment turns on the effectiveness of the Answer [25] filed in this cause on August 1, 2013. The following text appears under the case caption of the pleading, but before the responses to the numbered paragraphs of Robison's Third-Party Complaint [10]: "Denied,, [sic] Paul Ferruzza, Individually, wrongfully enjoined." (Answer [25] at p. 1.) Various brief statements (such as "Denied", "Unknown", "Vehemently Denied", and "Denied/object") are then listed in response to Robison's averments. The Answer is signed by "Paul Ferruzza, Managing Partner" on behalf of Overland. (Answer [25] at p. 3.) The timeliness of the Answer [25] is not at

issue since it was filed within twenty-one (21) days of Ferruzza and Overland being served with the Third-Party Complaint [10]. (*See* Summonses [19], [20].)

Robison argues that Ferruzza has admitted the allegations of the Third-Party Complaint and waived any defenses because he only attempted to answer the Complaint on behalf of Overland. Robison further contends that the Answer [25] was ineffective as to Overland because it is a business entity that must be represented by legal counsel and Ferruzza is not a licensed attorney. The Court finds that neither argument warrants summary judgment in favor of Robison.

Federal Rule of Civil Procedure 8 requires a defendant, responding to a complaint, to state its defenses in short and plain terms, and to admit or deny the allegations asserted against it. Fed. R. Civ. P. 8(b)(1). "An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). The Court takes notice of the well-settled principle that "[*p*]*ro se* pleadings are to be 'liberally construed'" in applying the preceding rules. *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). In liberally construing the *pro se* Answer [25], the Court determines that Ferruzza sufficiently denied Robison's allegations of wrongdoing asserted against him individually and/or doing business as Overland. (*Compare* Third-Party Compl. [10] ¶¶ 28-29, 31-32, 34-40, *with* Answer [25] ¶¶ 28-29, 31-32, 34-40.)[9]

---

[9] In its Reply [59], Robison appears to suggest that the rule of liberal construction should not be extended to Ferruzza because, according to certain news reports, he successfully defended himself against a charge of texting-while-driving in Longmont, Colorado. The news reports attached to the Reply [59] indicate that the traffic charges

"It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L. Ed. 2d 656 (1993) (citations omitted). This "rule applies equally to all artificial entities." *Id.* at 202; *see also Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (applying rule to a limited liability company). Consequently, it is clear that Overland Ventures, LLC may not proceed in this Court with Ferruzza, a non-lawyer, signing pleadings and other legal filings on its behalf. However, Overland is no longer proceeding *pro se* in this cause. During a telephonic case management conference on October 4, 2013, the U.S. Magistrate advised Ferruzza that corporations and limited liability companies must be represented by an attorney. (*See* Order [42] at p. 2.) On October 14, 2013, a member of the Mississippi Bar entered an appearance on behalf of Ferruzza and Overland. (*See* Entry of Appearance [47].) The Court thus finds Overland's initial *pro se* status and Robison's resulting request for summary judgment by default to be moot. *Cf. Memon v. Allied Domecq QSR*, 385 F.3d 871, 874-75 (5th Cir. 2004) (finding that the district court erred in dismissing a corporation's claims with prejudice where the corporation's officer was not advised to retain an attorney prior to dismissal; "[i]n virtually ever case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case"); *Teamsters Local*

---

against Ferruzza were prosecuted by the police officer issuing the citations, and that Ferruzza was found guilty of driving without a seatbelt. Ferruzza's apparent ability to defeat one out of two traffic charges prosecuted by a non-lawyer fails to require that the Court view the Answer [25] as if it had been prepared by a licensed attorney.

*Union 667 v. Coahoma Opportunities, Inc.*, No. 2:12cv158, 2013 WL 771807, at *2 (N.D. Miss. Feb. 28, 2013) (holding that a motion to strike a corporate defendant's answer was rendered moot by counsel's filing of a notice of appearance on behalf of the corporation).

## II.     Robison's Motion to Strike [57]

As noted above, legal counsel for Overland and Ferruzza filed his Entry of Appearance [47] on October 14, 2013.  On this same date, counsel filed Overland and Ferruzza's Answer and Affirmative Defenses [48].  Robison argues that this Answer [48] should be construed as an amended pleading in light of the prior Answer [25], and that the Answer [48] should be stricken because it was filed without the consent of the parties or leave of court pursuant to Federal Rule of Civil Procedure 15.  Ferruzza and Overland argue that the Court should find the Answer [48] "timely" filed.  (Third-Party Defs.' Mem. of Law in Resp. to Mot. for SJ [56] at p. 5.)

The Fifth Circuit has taken notice of the following legal principles regarding an amended pleading filed without leave of court or consent:

> In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval. However, some courts have held that an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change.

*United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 295 (5th Cir. 2003) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice &*

*Procedure* § 1484, at 601 (1990); *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538 (11th Cir. 1988)).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Answer [48] was filed by legal counsel only ten (10) days after Ferruzza was advised by the U.S. Magistrate that a default judgment could be entered against a corporation proceeding without legal counsel. (*See* Order [42] at p. 2.) Thus, it appears that Ferruzza acted promptly to cure the problem of Overland proceeding *pro se* once it was brought to his attention, and that Ferruzza and Overland's counsel filed the Answer [48] to avoid any negative consequences associated with the earlier *pro se* Answer [25]. Under these circumstances, the Court finds that Rule 15(a)'s "liberal amendment" standard would have authorized a grant of leave to amend had leave been sought on the date the Answer [48] was filed. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citations omitted).

Furthermore, Robison has failed to identify any prejudice it would suffer if the Answer [48] remained a live pleading. The Answer [48] does not include a counterclaim. Thus, Robison is in no danger of incurring any liability beyond that alleged by Pro-Logistics' Complaint if the Answer [48] is allowed to stand. In addition, Robison's central legal theory against Ferruzza and Overland is that they are wholly liable for all or part of any claim that Pro-Logistics may have against Robison pursuant to Federal Rule of Civil Procedure 14(a). Whether or not Robison is liable to Pro-Logistics has yet to be determined and the existence of the Answer [48] does not foreclose Robison's ability to recover from Ferruzza and Overland in the event a judgment is rendered in favor of Pro-Logistics. *See First Bank & Trust v. Employers*

*Mut. Cas. Co.*, 268 F.R.D. 275, 277 (S.D. Miss. 2010) ("[A] third-party claim must be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff."). It appears that denying Robison's Motion to Strike [57] will only require Robison to prove its third-party claims. In the analogous context of default proceedings, the Fifth Circuit has recognized that "[t]here is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Therefore, the Answer [48] will stand and the Motion to Strike [57] will be denied pursuant to the exception to the "without legal effect" rule referenced by the Fifth Circuit in *HealthSouth Corp.*

Notwithstanding the foregoing, Overland and Ferruzza (and their legal counsel) are admonished to adhere to the requirements of the Federal Rules of Civil Procedure and this Court's Local Uniform Civil Rules in all of their future proceedings in this action. Any subsequent failure to follow specified procedures and heed this warning may result in the imposition of sanctions.

### III. Overland and Ferruzza's Motion to Extend Deadlines [53]

This motion was filed on October 18, 2013, and seeks a thirty (30) day extension (until November 18, 2013) of the deadline for joinder of parties and amendment of the pleadings. Overland and Ferruzza seek an amendment of this deadline in order to join an additional party, the "company which Overland Ventures contracted with . . . [since it] is holding the money and the tires." (Mot. to Extend Deadlines [53] at p. 2.) Robison has advised that it has no objection to this requested relief. (*See* Doc. No. [58].) Pro-Logistics has not responded to the motion.

Local Uniform Civil Rule 7 provides that "[i]f a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed." L.U.Civ.R. 7(b)(3)(E). The Motion to Extend Deadlines [53] is not dispositive of any claim or defense. Although November 18, 2013, has passed, no reasoning is offered by any party as to why an extension of the joinder and amendment deadline beyond that date would be objectionable. As a result, this motion will be granted as unopposed. The grant of this motion will not preclude any additional third-party defendant, who is currently a nonparty, from challenging Overland and Ferruzza's expected third-party claim on the basis that impleader is inappropriate. *See* Fed. R. Civ. P. 14(a)(4) ("Any party may move to strike the third-party claim . . . ."); *Murphy v. Keller Indus., Inc.*, 201 F.R.D. 317, 319 (S.D.N.Y. 2001) (Rule 14 "authorizes a motion by the impleaded party challenging the district court's prior decision to allow the defendant to implead the third-party defendant.") (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1460, at 459 (2d ed. 1990)).

## **CONCLUSION**

For the foregoing reasons:

IT IS ORDERED AND ADJUDGED that Robison's Motion for Summary Judgment [39] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Robison's Motion to Strike [57] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that Overland and Ferruzza's Motion to Extend Deadlines [53] is granted. The deadline for joinder of parties and amendment of the pleadings is extended for a thirty (30) day period of time, running

from the date of the entry of this Order, for the sole purpose of allowing Overland and Ferruzza to join as a party the company referenced in the Motion to Extend Deadlines [53].

SO ORDERED AND ADJUDGED this the 12th day of December, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE