IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PRO-LOGISTICS FORWARDING (PTY) LTD**                               **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO.:2:13-cv-83-KS-MTP**

**ROBISON TIRE CO., INC.**                                           **DEFENDANT/**
                                                          **THIRD-PARTY PLAINTIFF**

**v.**

**OVERLAND VENTURES, LLC and**
**PAUL FERRUZZA**                                       **THIRD-PARTY DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Reconsider [112] filed by Paul Ferruzza and Overland Ventures, LLC. Having considered the parties' submissions, the Court finds that the Motion should be denied.

Pro-Logistics filed its Complaint [1] against Robison Tire on April 25, 2013. On June 3, 2013, Robison Tire filed its Third-Party Complaint [10] against Ferruzza and Overland Ventures. On January 10, 2014, Ferruzza and Overland Ventures filed a Third-Party Complaint [80] against Giant Tyres USA, LLC, Midwest Coal, LLC, A&B Retreading, LLC, Adkins Tires, LLC, and Jason Adkins ("Adkins Defendants").

On January 27, 2014, Pro-Logistics filed a Motion to Sever Third-Party Complaints [86]. On March 5, 2014, the Court granted in part and denied in part the Motion to Sever. *See* Order [111]. The Court found that Robison Tire's third-party claims against Ferruzza and Overland Ventures should not be severed, but found that Ferruzza and Overland Ventures's third-party claims against the Adkins Defendants should be severed. Ferruzza and Overland Ventures now

1

seek to have this Court reconsider its Order [111].   Ferruzza and Overland Ventures request the Court to sever Robison Tire's third-party claims against Ferruzza and Overland Ventures from the original action, Civil Action No.: 2:13-cv-83, and combine the claims with the severed action, Civil Action No.: 2:14-cv-31.

Ferruzza and Overland Ventures seek this relief pursuant to Federal Rule of Civil Procedure 59(e).  This Court enjoys the inherent power to "reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir. 1981).  Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *Morgan v. Mississippi*, 2009 WL 1809417, at *2 (S.D. Miss. June 23, 2009).  This Court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. V. Baning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). Granting a motion for reconsideration, however, "is an extraordinary remedy and should be used sparingly." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004).  "Motions to reconsider are not appropriate to raise arguments that could or should have been made previously or to re-urge matters that a court has already considered." *Centre One v. Vonage Holdings Corp.*, 2010 WL 3257642, *1 (E.D. Tex. Aug. 17, 2010); *Morgan*, 2009 WL 1809417, at *2; *Marseilles Homeowners Condominium Ass'n Inc. V. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

There are three grounds for which this Court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not presently available, and (3) the need to correct a clear error of law or prevent manifest injustice." *Morgan*, 2009 WL 1809417, at *2 (citation omitted).  Ferruzza and Overland Ventures have failed to

present any of these grounds.

First, it should be noted that Ferruzza and Overland Ventures did not object to Pro-Logistics's Motion to Sever. The arguments found in he Motion to Reconsider could, and should, have been included in a response to the Motion to Sever. Notwithstanding Ferruzza and Overland Ventures's failure to timely present their objections, the arguments set forth in the Motion do not present any meritorious reason for reconsideration.

Ferruzza and Overland Ventures argue that Robison Tire is a "key witness to the facts of this matter and this case against the Adkins Defendants cannot be prosecuted without Robison." *See* Memo [113]. Ferruzza and Overland Ventures, however, have failed to present any reason their case against the Adkins Defendants cannot be prosecuted without Robison Tire as a party. Robison Tire may possess information relevant to their claims, but Ferruzza and Overland Ventures may gather information from Robison Tire via the discovery process without Robison Tire's presence as a party in the severed action.

Finally, the Court's Order [111] does not create any manifest injustice or undue prejudice. The separate cases are at very different stages of development. The parties in the original case have engaged in significant discovery and should be ready for trial as scheduled. On the other hand, the claims and defenses in the severed action are in their infancy. In fact, the Adkins Defendants are challenging the Court's jurisdiction and Ferruzza and Overland Ventures have moved to disqualify the Adkins Defendants' counsel. *See* Motions [107] [112]. Progress in the severed action will be delayed pending disposition of those motions.

IT IS, THEREFORE, ORDERED that Ferruzza and Overland Ventures's Motion to Reconsider [112] is DENIED.

SO ORDERED this the 2nd day of April, 2014.

/s/MICHAEL T. PARKER
UNITED STATES MAGISTRATE JUDGE